UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Taylor, Jr., | ) C/A No. 9:14-1201-RMG-BM |
| Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| The Governor for the State of South Carolina, Officer Columbia South Carolina, Mrs. Nikki Haley, | ) |
| Respondent. | ) |

The Petitioner, Andrew Taylor, Jr., brings this action *pro se* seeking habeas relief. He has submitted a number of documents, including a form used by federal prisoners for filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. However, he has not alleged that he is in federal custody under a federal court conviction. Rather, Petitioner appears to be challenging a prior state court conviction for which he is no longer in custody. He also appears to be seeking to "reprocess" some prior actions he filed in both this Court and in state court.

### Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing Section 2254 Proceedings in the United States District Court,[1] the Anti–Terrorism and Effective Death Penalty Act



---

[1] *See* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (the district court may apply any or all of these rules to a habeas corpus petition not filed pursuant to 28 U.S.C. § 2254).

of 1996 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *and Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, even when considered under this less stringent standard, the Petition submitted in the instant case is subject to summary dismissal, as the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

To the extent Petitioner's distinctive handwriting can be deciphered, he appears to be challenging a June 28, 1997 conviction by the State of South Carolina for assault of a high and aggravated nature and discharging a firearm into a dwelling, for which he received a sentence of fifteen years incarceration. Petitioner has previously filed petitions for a writ of habeas corpus in this Court in which he challenged this 1997 conviction. *See Andrew Taylor, Jr. v. South Carolina Dep't of Corrs.*, C/A No. 0:01-2458-CMC (D.S.C. Jan. 8, 2002)(dismissed without prejudice for failure to exhaust state remedies); *Andrew Taylor, Jr., v. State of South Carolina*, C/A 9:10-848-CMC-BM (D.S.C. Jun. 11, 2010)(dismissed without prejudice for lack of jurisdiction as the petitioner was not "in custody" for habeas purposes).[2] Petitioner also appears to challenge the result of his state court

---

[2]Petitioner also filed another petition for a writ of habeas corpus in which he appeared to ask that the Court change venue in Civil Action No. 9:10-848-CMC in order to allow him to file a successive § 2254 petition. *See Andrew Taylor, Jr. v. The Federal Magistrate Judge, Mr. Bristow*

2

application for post conviction relief (99-CP-15-88), and at least one of his prior lawsuits in this Court (C/A 9:10-848-CMC-BM ) in which he sought habeas relief.

By filing this action on a § 2241 form, Petitioner is apparently attempting to avoid being forced to obtain pre-filing authorization from the Fourth Circuit to file a successive § 2254 petition. *See* 28 U.S.C. § 2244(b)(3)(C)("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.") *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). However, although § 2241 and § 2254 both seem to provide dual avenues to habeas relief and the Fourth Circuit has not ruled on the issue, the majority view is that § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment. *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir.2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010); *see also Rittenberry v. Morgan*, 468 F.3d 331, 337–38 (6th Cir. 2006) (finding that § 2254 does "not provide a separate source of habeas jurisdiction from [§ ] 2241," but instead is a limitation on it and that all habeas challenges to state court convictions are subject to § 2254's restrictions, including those found in § 2244); *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."); *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278–79 (2d Cir. 2003) (holding that a prisoner in custody pursuant to the judgment of a state court

---

*Marchant, of the Federal Court of Charleston, South Carolina*, C/A No. 2:12-2371-CMC-BHH (D.S.C. Sept. 26, 2012)(dismissed without prejudice for lack of jurisdiction as the petitioner was not 'in custody" for habeas purposes).



3

must challenge his incarceration through § 2254); *Coady v. Vaughn*, 251 F.3d 480, 484–85 (3d Cir. 2001) (applying principles of statutory construction to find that a prisoner held in custody pursuant to the judgment of a state court must seek habeas relief under § 2254); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (stating that § 2254 is "the only vehicle" through which a prisoner held in custody pursuant to the judgment of a state court may obtain habeas relief "no matter how his pleadings are styled"); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (recognizing § 2254 as the "exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody").

However, whether this action is characterized as seeking habeas relief under § 2254 or § 2241, the result is the same, because under either statute, Petitioner is not entitled to habeas relief because he has not shown that he is "in custody," and a petitioner seeking to challenge his detention through a federal habeas action must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States"); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). The "in custody" requirement necessitates "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *see Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir.1986). The word "custody" usually " 'signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction.' " *Zolicoffer v. U.S. Dep't of Justice*, 315 F.3d 538 (5th Cir. 2003) (quoting *Pack v. Yusuff*, 218 F.3d 448, 454 n. 5 (5th Cir. 2000)). A probationary sentence



4

can also satisfy the "in custody" requirement of § 2254(a). *Tinder v. Paula*, 725 F.2d 801, 803 (1st Cir. 1984).

However, a person who files a habeas petition after he has fully served his sentence is not "in custody" for purposes of a federal court's subject matter jurisdiction, and a habeas petition filed by such a person is properly denied. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990); *see also Lefkowitz v. Fair*, 816 F.2d 17, 20 (1st Cir. 1987)((habeas petition filed after an individual's unconditional release from prison properly denied by the district court). Here, Petitioner lists what appears to be a private residence in Walterboro, South Carolina as his address, although he also at times refers to himself as being "homeless." The Court may also take judicial notice of Petitioner's answers to special interrogatories filed in C/A No. 9:10-848-CMC-BM in which he stated that he was no longer incarcerated and (importantly) was also not at the time on probation, parole, or any type of supervised release. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Further, Petitioner does not assert in his present Petition that he is currently incarcerated or on any kind of probation, parole, or other type of supervised release. Rather, he makes nonsenical statements such as that his place of detention is "in custody with the organize crime" of his prior cases. Petition, ECF No. 1 at 2. Such assertions do not equate to a showing of "in custody" under §§ 2241 or 2254. *See, e.g., In re Matheisel*, 289 F.2d 824, 824 (1st Cir. 1961)(Petitioner who made vague assertions that he was imprisoned by the President of the United States of America and others had no remedy by way of habeas corpus as it was obvious he was not being held in any physical restraint by anyone but only that he was being subjected to some vaguely defined discrimination or to some sort of economic duress). Hence, as Petitioner has not shown that



5

he is "in custody" pursuant to either §§ 2241 or 2254, this action should be dismissed for lack of subject matter jurisdiction.

### Recommendation

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be dismissed, without prejudice and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

April 23, 2014
Charleston, South Carolina

6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



7