IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Andrew Taylor, Jr.,                                )
                                                   )    Civil Action No: 9:14-1201-RMG
        Petitioner,                                )
                                                   )                **ORDER**
                                                   )
v.                                                 )
                                                   )
The Governor for the State of South,               )
Carolina, Officer Columbia South Carolina,         )
Mrs. Nikki Haley                                   )
                                                   )
        Respondent.                                )
                                                   )

This matter is before the Court on the Report and Recommendation ("R & R") of the

Magistrate Judge, recommending that the Court dismiss Petitioner's action for habeas relief

without prejudice and without requiring Respondent to file a return. (Dkt. No. 8). For the

reasons set forth below, the Court agrees with and ADOPTS the R & R as an Order of this Court.

## I.  Background

Petitioner, Andrew Taylor, Jr., filed this action for habeas relief *pro se* pursuant to 28

U.S.C. § 2241 on April 1, 2014. (Dkt. No. 1). Petitioner was sentenced to fifteen years in prison

after being convicted in state court and was released from custody in 2006. (Dkt. No. 1 at 1, 3).

Petitioner contests his prior state conviction and alleges that the search warrant, hand swab test,

and expert witness used in that proceeding were invalid. (Dkt. No. 1 at 3, 5). Petitioner has

previously petitioned this Court for habeas relief. *See, Andrew Taylor v. South Carolina*, No.

9:10-cv-00848-CMC, 2010 WL 2430315 (D.S.C. June 11, 2010) (dismissed without prejudice

for lack of jurisdiction). Petitioner alleges that his previous petition for habeas relief was

processed illegally. (Dkt. No. 1 at 1-2). Petitioner seeks to have his previous petition

reprocessed. (Dkt. No. 1 at 2).

1

The Magistrate Judge recommended dismissing the Petition without prejudice for lack of subject matter jurisdiction because Petitioner has not alleged that he is in custody. (Dkt. No. 8). Petitioner has not filed an objection to the R & R.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## III. Discussion

"For a court to have habeas jurisdiction under section 2241, the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge." *Zolicoffer v. U.S. Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003); *see also* 28 U.S.C. § 2241(c)(3) (requiring a person to be in custody in violation of the Constitution or laws of the United States to receive habeas relief under 28 U.S.C. § 2241).

"Custody" usually signifies incarceration or supervised release, but it generally encompasses most restrictions on liberty that result from a criminal conviction. *Zolicoffer*, 315 F.3d at 540. To meet the custody requirement, the petitioner must be "'in custody' under the

2

conviction or sentence under attack at the time the petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989). Therefore, a petitioner is not "in custody" if he files a habeas petition after he completes his sentence or has been unconditionally released. *See, Lefkowitz v. Fair*, 816 F.2d 17, 20 (1st Cir. 1987).

For the reasons stated in the R & R, the Court agrees with the Magistrate Judge that Petitioner has not alleged that he is "in custody." Petitioner has not alleged that he is incarcerated, under supervised release or that his liberty is otherwise restricted as a result of a criminal conviction. To the contrary, Petitioner noted in this current petition that he was released from prison in 2006. (Dkt. No. 1 at 1). He also expressed in a previous petition that he was released from custody in 2006. *See Taylor v. South Carolina*, No. 9:10-00848-CMC-BM, 2010 WL 2363249, at *1 (D.S.C. May 19, 2010), *adopted by*, 2010 WL 2430315 (D.S.C. June 11, 2010). Petitioner represented that he was not on probation, parole, or under any type of supervised release. *Id.*

Petitioner wrote that he "is in custody with the organize crime" as the place of his detention. (Dkt. No. 1 at 2). Petitioner's assertion is vague and does not show that his liberty is restricted. Vague assertions such as this one do not amount to an allegation of being " in custody" under 28 U.S.C. § 2241. *See In re Matheisel*, 289 F.2d 824, 824 (1st Cir. 1961).

## IV. Conclusion

The Court **ADOPTS** the Magistrate Judge's R & R (Dkt. No. 8) as an Order of this Court. Accordingly, the Petition is **DISMISSED WITHOUT PREJUDICE.**

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

3

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 22, 2014
Charleston, South Carolina

4